UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MAURICE MARTIN, | ) |
| Plaintiff, | ) |
| v. | ) No.: 16-cv-3297-MMM |
| DR. STEVEN KOTTEMANN, | ) |
| Defendant. | ) |

## MERIT REVIEW ORDER

Plaintiff, proceeding pro se, pursues a § 1983 action for deliberate indifference to his serious medical needs at the Lincoln Correctional Center. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff alleges that he injured his left hand and wrist on September 4, 2015, and has been in excruciating pain ever since. Plaintiff claims that his wrist is broken and fears his hand will need to be amputated. He alleges that Defendant Kottemann refuses to acknowledge that the wrist is fractured and refuses to authorize surgery

.

1

"The Eighth Amendment safeguards the prisoner against a lack of medical care that may result in pain and suffering which no one suggests would serve any penological purpose." *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011)(internal quotations and footnote omitted). "Prison officials violate the Constitution if they are deliberately indifferent to prisoners' serious medical needs." *Id*. (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). To succeed on a claim of deliberate indifference a Plaintiff must prove that his condition was sufficiently serious and that the prison officials acted with a sufficiently culpable state of mind. *Lee v. Young*, 533 F.3d 505, 509 (7th Cir. 2008) (citations omitted).

A serious medical condition is one that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a layperson would perceive the need for a doctor's attention." *Lee v. Young,* 533 F.3d 505, 509 (7th Cir. 2008) (quoting *Greeno v. Daley,* 414 F.3d 645, 653 (7th Cir. 2005)). Plaintiff does not disclose whether Defendant Kottmann has diagnosed the cause of his wrist problems. While Plaintiff claims the wrist is fractured, he does not assert that it has been x-rayed and definitively diagnosed. While we do not know the basis for Plaintiff's belief that his wrist is fractured, a wrist fracture is a condition which even a layperson would realize warrants medical attention. Accordingly, this case shall go forward on the claim of deliberate indifference to Plaintiff's alleged wrist fracture and wrist pain.

**IT IS THEREFORE ORDERED:**

1. This case shall proceed solely on the deliberate indifference claim against Defendant Dr. Kottemann. Any claims not identified will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.

2. Plaintiff files a Motion for recruitment of pro bono counsel but does not substantiate that he has attempted to secure counsel on his own. *See Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). [5] is DENIED at this time. In the event Plaintiff renews his motion for appointment of counsel, he is to list the attorneys to whom he has written and include copies of letters sent to, or received from, those attorneys.

3. Plaintiff's Motions for Status [6] and [7] are rendered MOOT by this Order.

4. The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

5. If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2). If a Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information will be used only for purposes of effecting service. Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6. Defendants shall file an answer within the prescribed by Local Rule. A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings are to address the issues and claims identified in this Order.

7. Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

8. Once counsel has appeared for a Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send notice of electronic filing to defense counsel. The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

9. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the depositions.

10. Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES; AND,

2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.

LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE

WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).

 5/5/2017                                          s/Michael M. Mihm     
ENTERED                                       MICHAEL M. MIHM
                                                      UNITED STATES DISTRICT JUDGE